**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:22-CR-33 (OAW) |
| | : | |
| JOHN TRASACCO | : | |

<u>**RULING ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**</u>

Defendant John Trasacco ("Mr. Trasacco" or "Defendant"), has filed a Motion for a Bill of Particulars, ECF No. 107, seeking further articulation of the charges against him in Counts One and Two of the Indictment, ECF No. 26. Because Defendant has failed to carry his burden of showing the insufficiency of the facts asserted in support of those charges, the motion hereby is <u>**DENIED.**</u>

I.    <u>**FACTS**</u>

On February 18, 2022, Mr. Trasacco, along with co-defendants Michael DiMassa ("Mr. DiMassa"), Lauren Knox[1] and John Bernardo, were arraigned pursuant to a February 17, 2022, Indictment. The Indictment charges Mr. Trasacco with Wire Fraud and with Conspiracy to Commit Wire Fraud in violation of 18 United States Code Sections 1343 and 1349, respectively. ECF No. 26 at 1—4.

The Indictment alleges that during all times relevant to the within charges, the City of West Haven employed Mr. DiMassa in various positions "including as an Administrative Assistant to the West Haven City Council, Clerk of the West Haven City Council, Assistant to the West Haven Mayor, and Assistant to the West Haven Registrar of Voters." *Id.* at ¶ 1. Also during the relevant timeframe, Mr. Trasacco (the instant movant) was a resident

---

[1] Ms. Knox has since changed her last name to her married name, DiMassa.

of West Haven, the organizer and signatory of L & H Company, LLC ("L & H"), and the sole principal and signatory of JIL Sanitation Solutions, LLC ("JIL").  *Id.* at ¶¶ 4—8.

To help local governments pay for expenses related to the Covid-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Public Law 116-136, 134 Stat. 281 (2020), which established the Coronavirus Relief Fund ("CRF").  *Id.* at ¶ 2.  West Haven "received approximately $1,150,257 in financial assistance from this fund" from July 1, 2020, through September 30, 2021.  *Id.*

Count One charges Mr. Trasacco and Mr. DiMassa with engaging in a conspiracy to commit wire fraud from in or about January 2021 to in or about November 2021. Specifically, the indictment charges these defendants with "defrauding the City of West Haven by taking money designated for the benefit of the citizens of West Haven for their own use by billing West Haven for COVID-related services that were never provided."  *Id.* at ¶ 9.  Count One states that based on invoices for services allegedly performed by Mr. Trasacco's companies (L & H and JIL), *id.* at ¶ 10, Mr. DiMassa "caused the City of West Haven to issue payments for the fraudulent invoices in the form of a check, to either L & H Company or JIL Sanitation Services", *id.* at ¶ 11.  Mr. DiMassa "included charges for goods and services never received by West Haven, including thousands of units of Personal Protective Equipment (PPE), HVAC maintenance at multiple municipal locations, COVID supplies for the Board of Education, and cleaning services for various municipal and school buildings."  *Id.* at ¶ 12.  As a result, West Haven "issue[d] five checks totaling approximately $431,982 to the entities controlled by TRASACCO."  *Id.* at ¶ 13. Count One charges Trasacco with "negotiat[ing] the checks procured by DIMASSA . . .

2

and then us[ing] the money for his own benefit" in violation of 18 United States Code

Section 1349. *Id.* at ¶ 14.

Count Two of the Indictment, charging Defendants DiMassa and Trasacco with

wire fraud, states as follows:

> 15. Paragraphs 1 through 14 are incorporated by reference.
> 16. On or about February 12, 2021, for the purpose of executing the scheme and artifice described in Count One, defendants DIMASSA and TRASACCO knowingly caused the interstate wire transmission of certain writings, signs, signals, pictures, and sounds, that is, an interstate wire transmission caused by the negotiation by TRASACCO of Check Number xxxxx7003 issued by the City of West Haven and made payable to L & H Company in the amount of $68,728.00.
> In violation of Title 18, United States Code, Sections 1343 and 2.[2]

*Id.* at ¶¶ 15—16.


## II.   <u>STANDARD</u>

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a

plain, concise, and definite written statement of the essential facts constituting the offense

charged . . . ." Fed. R. Crim. P. Rule 7(c)(1).  Pursuant to Rule 7(f), "[t]he court may direct

the government to file a bill of particulars", and a "defendant may move for a bill of

particulars before or within 14 days after arraignment or at a later time if the court permits."

Fed. R. Crim. P. Rule 7(f).

The purpose of a bill of particulars is to provide a defendant with "information about

the details of the charge against him if this is necessary to the preparation of his defense,

and to avoid prejudicial surprise at the trial."  *United States v. Torres*, 901 F.2d 205, 234

(2d Cir. 1990) (quoting 1 C. Wright, Federal Practice and Procedure § 129, at 434–35 (2d

ed. 1982)), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d

---

[2] Count Two includes an aiding and abetting charge.  18 U.S.C. § 2.

Cir. 2010). "While district courts have wide discretion in deciding whether to order the Government to write a bill of particulars, [c]ourts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Sistrunk*, 2022 WL 2527971, at *2 (D. Conn. July 7, 2022) (quoting *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (S.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004))). The information sought must be necessary such that the defendant shows prejudice from the court's denial of the bill of particulars. *See id.*

The Second Circuit has recognized that "[t]he prosecution need not particularize all of its evidence," *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (citing *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974)), and a defendant may not use a bill of particulars as "an investigative tool" in an effort "to force the government to preview its evidence or expose its legal theory." *United States v. Massino*, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir. 1986).

## III.   **DISCUSSION**

Mr. Trasacco points out that while Count Two incorporates by reference the allegations of Count One, it only specifically cites a single financial transaction. Accordingly, he maintains, "It is not clear whether Count two includes only this instance of alleged interstate wire transmission, or every instance alluded to in the above paragraphs pertaining to the conspiracy charge." Def. Mot., ECF No. 107 at 2—3. He seeks to have the government specifically articulate the "basis for charging Mr. Trasacco with Count 2, and the specific transactions to which it applies." *Id.* at 3.

4

The government responds that the defendant has not articulated a sufficient basis for a bill of particulars in this case.  Specifically, the government states that Count Two of the Indictment provides sufficient factual specificity, including "the date, the amount of money, the alleged violation of law, and provides a redacted check number."  Govt. Opp., ECF No. 110 at 3.  It notes that it "has supplied a 'wealth of evidentiary detail' more than adequate to apprise Trasacco of the charges against him, minimize the danger of unfair surprise, and protect his rights under the Double Jeopardy Clause."  *Id.* (quoting *Torres*, 901 F.2d at 233-34).

The court agrees that the articulation of the charges against Mr. Trasacco in the Indictment are not "'so general that they do not advise the defendant of the specific acts of which he is accused.'"  *Torres*, 901 F.2d at 234 (2d Cir. 1990) (quoting *United States v. Feola,* 651 F. Supp. 1068, 1132 (S.D.N.Y.1987), *aff'd,* 875 F.2d 857 (2d Cir.) (mem.), *cert. denied,* 493 U.S. 834 (1989)).  While Count Two specifically references only one check number and transaction, it incorporates the conduct from the immediately prior conspiracy count, a charge that includes reference to five checks totaling approximately $431,982.  Defendant does not take issue with, or make reference to, any discovery provided in this case.  The court concludes that the government has stated with sufficient particularly the charges against Mr. Trasacco, and that it need not "particularize all of its evidence," *Davidoff*, 845 F.2d at 1154 (citation omitted), nor "expose its legal theory." *Massino*, 605 F. Supp. at 1582.  Defendant's Motion for a Bill of Particulars is **<u>DENIED</u>**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 2nd day of November, 2022.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
