**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:22-CR-33 (OAW) |
| | : | |
| JOHN TRASACCO | : | |

**RULING AND ORDER**

Defendant John Trasacco has filed a Motion to Preclude Any Reference to Organized Crime (ECF No. 168).  For the reasons stated herein, the court **DENIES** without prejudice Defendant's motion.

In its motion in limine at ECF No. 168, Defendant John Trasacco moves the court to preclude testimony (and other evidence) "concerning organized crime or any alleged connection between Mr. Trasacco and organized crime", arguing that it is irrelevant (citing Fed. R. Evid. 402) and that its unfair prejudice would substantially outweigh any probative value in its inclusion (citing Fed. R. Evid. 403).  The defendant argues that such references would play into stereotypes that prejudicially associate his Italian-American heritage with violence and illegality in a manner irrelevant to the present allegations of wire fraud (and conspiracy to commit the same).

At oral argument on November 21, 2022, the government (*Atty. Raymond F. Miller, Esq.*) represented that it instructed all witnesses not to mention organized crime, but contended that intimidation tactics by Mr. Trasacco should be admissible as relevant to his participation in the charged conspiracy, particularly insofar as his conduct relates to Michael DiMassa (an anticipated government witness).  The government also maintains that Mr. Trasacco's alleged intimidation speaks to Mr. DiMassa's state of mind in explaining the intricacies of Mr. DiMassa's criminal conduct (such as why Mr. DiMassa

might have taken certain actions that produced great financial benefit for Mr. Trasacco). The court agrees, and finds such potential testimony to be relevant.

With respect to the government's statement that witnesses may testify regarding their fear of Defendant based on statements he made to them, the court notes that the admissibility of "threat testimony" is governed by "the balancing test mandated by Fed. R. Evid. 403 . . . ." *United States v. DeLillo*, 620 F.2d 939, 946 (2d Cir. 1980). Such evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] misleading the jury." Fed. R. Evid. 403. "[P]rejudice is unfair only if the evidence has 'an undue tendency to suggest decision on an improper basis.'" *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (quoting Fed. R. Evid. 403 Advisory Committee Notes (1972)). Such prejudice may result when evidence "tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence," *United States v. Bayon*, 838 F. App'x 618, 620 (2d Cir.), *cert. denied*, 141 S. Ct. 2835 (2021) (citations omitted), or to "unfairly to excite emotions against the defendant." *United States v. Massino*, 546 F.3d 123, 133 (2d Cir. 2008) (citation omitted). In *United States v. Tracy*, 12 F.3d 1186 (2d Cir. 1993), the Second Circuit found no error where the government offered evidence against the defendant "to prove, *inter alia,* that he was a member of the conspiracy and played a role that gave him sufficient familiarity with the operation." *Id.* at 1195. In *Tracy*, Defendant's "threatening notations on 10 pages of the Complaint were plainly relevant for those purposes and to confirm the testimony of the cooperating codefendants that Tracy's role in the operation was that of enforcer." *Id.* In ruling on any objections to any testimony regarding threats or intimidation in this case, the court remains mindful of relevant

precedent in applying Rule 403's balancing test to exclude only testimony that carries the requisite unfair prejudice.

Insofar as the defense (*Atty. Tracy Hayes, Esq.*) argues that references to *organized crime* unfairly would connect Mr. Trasacco to violence, the court denies as moot the motion to preclude, upon the government's representations that its witnesses have been instructed not to reference organized crime.  The denial of the instant motion is without prejudice; the court will address any specific testimony or anticipated testimony as it arises at trial.  However, it is the court's intention that the parties proceed with this legal framework for the upcoming testimony.

**IT IS SO ORDERED** at Hartford, Connecticut this 22nd day of November, 2022.

                                        _____/s/_____
                                          Omar A. Williams
                                          United States District Judge